IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:23-cr-00075 |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANTHONY A. ANDREWS, | : | |
| Defendant. | : | |

**DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. NO. 5)**

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. No. 5), which seeks to detain Defendant Anthony Andrews ("Defendant") prior to trial. This Court held a hearing and granted the Motion at the end of the hearing. This opinion expands upon the Court's reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

**I.      LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

1

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

## II. ANALYSIS

For the reasons stated at the end of the hearing and further described below, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at required court appearances if he is released. The Court further finds that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released. Therefore, the Court grants the Government's Motion.

### A. Rebuttable Presumption

Defendant was indicted by a federal grand jury and charged with committing controlled substances offenses that have a maximum penalty of ten or more years of imprisonment. Therefore, a rebuttable presumption of detention applies in this case. *See* 18 U.S.C. § 3142(e)(3)(A).

Although Defendant's burden of producing evidence to rebut the presumption of detention is not heavy, he "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community. *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (internal quotations and citation omitted). During the hearing, Defendant did not provide evidence sufficient to rebut the presumption of detention. For this reason, in addition to the reasons set forth below, the Court will grant the Government's Motion.

4

## B. Nature and Circumstances of the Offense

A grand jury indicted Defendant on two counts of knowingly and intentionally possessing, with the intent to distribute, mixtures or substances containing detectable amounts of methamphetamine and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Defendant has also been indicted on two counts of knowingly and intentionally maintaining drug premises, in violation of 21 U.S.C. § 856(a)(2). Each count carries a maximum sentence of 20 years imprisonment, along with a maximum fine of $500,000 (for Counts 3 and 4) or $1,000,000 (for Counts 1 and 2).

On May 24, 2023, investigators served a search warrant at the house where Defendant's mother resides. They recovered over 100 grams of methamphetamine and over 100 grams of fentanyl. Since a gram is equivalent to 1,000 milligrams, there is probable cause to believe that Defendant possessed and intended to distribute over 100,000 milligrams of fentanyl. Because as few as ***two milligrams*** of fentanyl can be lethal,[3] the amount of fentanyl that Defendant allegedly kept in his mother's house, and allegedly intended to sell, could kill up to fifty thousand (50,000) people.

The fentanyl recovered on May 24, 2023 was found to be laced with xylazine, also known as "Tranq." Xylazine is a powerful sedative for veterinary use. It does not respond to naloxone (Narcan), which is used to reverse opioid overdoses. Ingestion of xylazine may lead to severe wounds, necrosis (i.e., rotting of human tissue), and amputation.[4]

---

[3] DEA, "Facts About Fentanyl," *available at* https://www.dea.gov/resources/facts-about-fentanyl (last accessed August 9, 2023 3:40 PM ET).

[4] DEA, "DEA Reports Widespread Threat of Fentanyl Mixed with Xylazine," *available at* https://www.dea.gov/alert/dea-reports-widespread-threat-fentanyl-mixed-xylazine (last accessed August 9, 2023 3:38 PM ET).

On August 3, 2023, investigators served a search warrant at a different residence. Defendant, who was physically present, attempted to flee but was captured several blocks away. Investigators recovered a stolen handgun, 300 grams of methamphetamine, and 1 kilogram of fentanyl. Thus, there is probable cause to believe that Defendant possessed and intended to distribute over 1,000,000 milligrams of fentanyl. This amount of fentanyl could kill up to 500,000 people. It is unknown, at this time, whether the fentanyl that was recovered on August 3, 2023 is also laced with xylazine.

The Court agrees with the Government's argument that it is significant that Defendant apparently was not deterred by the search warrants executed in May 2023. There is probable cause to believe that he not only continued to engage in the charged conduct, but actually ramped it up after the initial search was conducted.

For all these reasons, the Court finds that the nature and circumstances of the charged offenses weigh heavily in favor of detaining Defendant prior to trial.

### C. Weight of Evidence of Dangerousness or Risk of Flight

The Government has proven by clear and convincing evidence that Defendant poses a significant risk of danger to the community. The charged offenses are very serious, particularly given the quantities, lethality and human suffering associated with the drugs at issue. Defendant's allegedly unlawful conduct did not abate after his first encounter with law enforcement, but instead appeared to increase. Although Defendant's criminal history consists of convictions from 14-17 years ago, they are serious and led to Defendant's imprisonment for approximately five years. Moreover, given the discrepancy between Defendant's unemployed status and his apparent wealth, the Court agrees with

6

the Government that Defendant has likely profited from unlawful activities in recent years. Finally, given Defendant's repeated violations of court orders in prior cases, the Court has no confidence that Defendant would obey an order to stop his allegedly unlawful conduct. Taken together, the evidence in the record regarding the danger that Defendant poses to the community weighs heavily in favor of detention.

The Government has also met its burden of proving a risk of non-appearance based upon Defendant's prior failures to appear in court, his attempt to flee the police when the second search warrant was executed, and the fact that he is subject to a lengthy period of incarceration if convicted of the pending charges. This evidence of the risk of flight also weighs in favor of detention.

### D. Defendant's History and Characteristics

Defendant's personal history and characteristics also weigh in favor of detention. He has a substantial criminal record, albeit one with primarily older convictions. He is unemployed. He has several failures to appear in court as required and violated the terms and conditions of his probation, which led to his probation being revoked. He is subject to a lengthy period of incarceration if convicted. Taken together, Defendant's history and characteristics weigh heavily in favor of detention.

### E. Nature and Seriousness of Danger Posed to The Community

"[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6 (citations omitted). By its very nature, trafficking in illegal drugs harms the people who buy and consume that product. The concomitant violence, threats of violence, and other criminal activity that is commonly associated with

drug trafficking create additional dangers for the community. The Sixth Circuit therefore "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id*. Also, as noted previously, the danger of drug trafficking is greatly magnified when the drugs at issue include fentanyl and xylazine. Therefore, this factor also weighs heavily in favor of detention.

## III.  CONCLUSION

In sum, the Court finds that no condition or combination of conditions of release will reasonably assure (1) Defendant's appearance as required by the Court and (2) the safety of other persons and the community. Therefore, the Government's Motion for Pretrial Detention (Doc. No. 5) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1)  Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2)  Defendant be afforded reasonable opportunity for private consultation with counsel; and

3)  On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

          */s/ Caroline H. Gentry*
          Caroline H. Gentry
          United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.